IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL GONZALEZ

      Plaintiff,                          No. 2:12-cv-1387 LKK CKD PS

    vs.

GLOBAL EQUITY LENDING et al.

      Defendants.                 <u>ORDER</u>

_____/

        Plaintiff, proceeding pro se, filed this action on May 23, 2012 and paid the filing fee. Plaintiff is alleged to be the owner of real property in Antioch, California and primarily seeks to cancel and invalidate alleged security interests in the property held by lenders and other parties associated with the mortgage loan process.

        The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

1         In this case, the complaint's allegations fail to show that venue in the Eastern District of California is proper. Plaintiff does not allege that any of the defendants reside in the Eastern District of California – instead, plaintiff alleges that all defendants are "doing business in the County of Contra Costa, State of California," that the property at issue is located within the County of Contra Costa, State of California, and that the "transaction and events which are the subject matter of this Complaint all occurred within the County of Contra Costa, State of California." (Compl. ¶¶ 9-20, 24-25.) Plaintiff himself is further alleged to be a resident of the County of Contra Costa. (Compl. ¶ 7.) Because Contra Costa County is located in the Northern District of California, plaintiff's action should have been filed in the United States District Court for the Northern District of California. Indeed, it appears that that was plaintiff's intention, because the cover page of the complaint specifically contains the caption for the United States District Court for the Northern District of California. Filing in this district was likely an inadvertent error.

        "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). Here, given that filing in this district appears to have been an inadvertent error and that dismissal would require plaintiff to re-file the case and pay another filing fee, transfer is in the interest of justice.

        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated: May 25, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Gonzalez.1387.ven.wpd